# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DRAWBAUGH,

    Petitioner,

v.

JEFFREY BEARD and MICHAEL W. CURLEY, SUPERINTENDENT,

    Respondents.

NO. 3:10-CV-1929

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## **MEMORANDUM**

Before the Court is Magistrate Judge Smyser's report and recommendation ("R&R") (Doc. 22) on petitioner Drawbaugh's petition for writ of habeas corpus under 28 U.S.C. § 2254.  While it is undisputed that the petition is untimely, Mr. Drawbaugh claims that the one-year statute of limitations period should be tolled because he did not have access to the § 2254 form once he was transferred from Pennsylvania to Muskegon Correctional Facility in Michigan.  Following a hearing, Magistrate Judge Smyser found that the prison library did have the form and recommended the petition be dismissed.  The Court agrees.

## BACKGROUND

Mr. Drawbaugh was convicted by a jury in the York County Court of Common Pleas of aggravated assault, attempted rape and involuntary deviate sexual intercourse. He was sentenced on February 26, 2007 to a term of imprisonment of 14½ to 29 years.

After his conviction, Mr. Drawbaugh appealed to the Superior Court. The Superior Court affirmed his conviction on February 14, 2008. He took no further appeal. His sentence was final on March 15, 2008. On July 31, 2008, he filed a Post Conviction Relief Act ("PCRA") petition, which was denied. The Superior Court affirmed the denial of the

PCRA petition. Mr. Drawbaugh filed a petition for allocatur to the Pennsylvania Supreme Court, but he withdrew that petition on September 16, 2009.  The Section 2254 petition clock therefore ran from March 15, 2008 to July 31, 2008 (138 days) and again for the 227 days from September 16, 2009 to the expiration of the one year period on May 1, 2010. But Mr. Drawbaugh did not file his petition for writ of habeas corpus until September 15, 2010.  The parties do not dispute the foregoing dates.

On February 17, 2010, Mr. Drawbaugh was transferred from Pennsylvania SCI Albion to Muskegon Correctional Facility ("MCF") in Michigan. That transfer was made by Pennsylvania to alleviate Pennsylvania prison overcrowding. When the transfer was made, Mr. Drawbaugh's remaining time in which to file a 2254 petition stood at 73 days.

There is no evidence that Mr. Drawbaugh had undertaken to begin to prepare a Section 2254 habeas corpus petition prior to his transfer by taking steps such as, for example, obtaining and examining a 28 U.S.C. § 2254 form petition.  Mr. Drawbaugh related at the hearing that his principal difficulty in preparing a petition was that he did not have the standard form for a 2254 petition.

The form designed for prisoners to use to file a 2254 petition provides a prisoner with a framework to organize, structure and present claims that his custody is in violation of his federally protected rights and to do so in a way that facilitates the court's consideration of the material issues.  Mr. Drawbaugh's main contention is that, while in Muskegon, he did not have access to the 2254 form.  Once he did get the form, he completed it and filed this petition.

Mr. Drawbaugh's first witness, James Lloyd, testified that the prison library in Michigan had the West Federal Civil Judicial Procedure and Rules publication. (Tr. 19-20). That

was confirmed by the MCF assistant librarian, Barbara Ann Setlak. (Tr. 62). That publication contains the form petition. Using the form in the book, rather than a printed-out form, would require the prisoner to type or neatly write, at least in part, the form's contents as well as the particular detailed information called for by the form.

Following Mr. Drawbaugh's filing of his petition on September 15, 2010, respondents filed a motion (Doc. 37) to dismiss the amended petition as untimely and a related motion (Doc. 38) asking for leave of court to defer responding to the merits of Mr. Drawbaugh's claims until the issue of timeliness is resolved. A hearing was scheduled to address the issue of timeliness, and the respondents were granted leave to defer a response to the petition's merits.

After the hearing, the Magistrate Judge concluded that the contention of Mr. Drawbaugh that his petition was not untimely because of equitable tolling did not have merit and should be dismissed. Mr. Drawbaugh then filed his objections and the respondents filed a brief in response. In his objections, Mr. Drawbaugh reiterates that he was diligent in filing his position but was prevented from doing so by the lack of the 2254 form in the prison library.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual

findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Mr. Drawbaugh's petition will be denied because the Court finds tolling unwarranted here.

28 U.S.C.A. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(B) provides for statutory tolling:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action[.]

The AEDPA's one-year statute of limitations is subject to both statutory and equitable tolling. 28 U.S.C. § 2244(d); *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir.).  The limitation period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. *See* 28 U.S.C. § 2244(d)(2). The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir.1999). However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account. *Holland v. Florida*, ––– U.S. ––– 130 S.Ct. 2549, 2563 (2010*)*. As *Holland* explains, while prior decisions provide guidance, rigid reliance on precedent should be avoided. *Id.* at 2563.  In each case, there is a need for "flexibility," "avoiding 'mechanical rules,' " and "awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* (internal citation omitted).  In sum, equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616,

618 (3d Cir.1998).

A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;" mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir.2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA' s limitations period to the following circumstances: (1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Miller v. NJ State Dept. of Corr.*, 145 F.3d 616 (3d Cir.1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3–4 (D.Del. Nov.28, 2001).

Courts in the Third Circuit have been reluctant to find "extraordinary circumstances" in cases involving mere administrative oversights or errors. In *White v. Shannon*, 2003 WL 21771723 (E.D.Pa. July 24, 2003), the petitioner argued that equitable tolling was warranted "because the state court discarded and failed to transcribe the stenographic trial notes from the final day of his trial." *Id.* at *4. The Court held that because the petitioner's state PCRA and federal habeas claims could have been timely filed, without waiting for the missing transcript, the circumstances were not extraordinary and did not warrant equitable tolling. *Id.* Thus, the Court found that the fact that the petitioner was unable to obtain the trial transcript "did not prevent him from filing a habeas petition." *Id.* at *5 (emphasis added).

Additionally, in *Holmes v. Vaughn*, 2003 WL 23112383 (E.D.Pa. Nov. 25, 2003),

the court held that a habeas petitioner's difficulty in obtaining transcripts did not warrant equitable tolling of the limitations period for a § 2255 motion.

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.). Further, "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse prompt filing." *Pfeil v. Everett*, 2001 WL 618209, at *5 (10th Cir. June 6, 2001).

Here, equitable tolling is unwarranted. Under the first prong of equitable tolling test, Mr. Drawbaugh has demonstrated he was diligent, at least once he was transferred, in pursuing his rights: he worked on his petition with James Lloyd; he requested forms from the district court; he was known to library personnel from his frequent visits; and he filed grievances over the library's condition. However, the circumstances that prevented him from timely filing his petition were not extraordinary, just unfortunate. There is no evidence that prison officials actively thwarted Mr. Drawbaugh's attempts to file his petition, nor that he asserted his rights in the wrong forum. While this case is somewhat analogous to the missing or misdirected transcript and records cases outlined above, Mr. Drawbaugh argues he was deprived of something more fundamental, the 2254 form *itself*. But he was not deprived of it. Rather, he simply did not know that the library had a copy of West's Federal Civil Judicial Procedure and Rules, which contains the 2254 form. If he had known it, he could have photocopied it or written it out by hand. While prison personnel could have been more helpful in pointing him to this material or making it more readily available to the prisoners, this oversight is not extraordinary. Sadly, it is probably all too common in an overtaxed and underfunded prison system. As the petition was

untimely filed, and equitable tolling is unwarranted, it will be dismissed.

## CONCLUSION

The Court will adopt the Magistrate Judge's R&R and dismiss Mr. Drawbaugh's application as untimely. An appropriate order follows

<u>1/6/12  </u>                                                                                         <u>/s/ A. Richard Caputo  </u>
Date                                                                                                             A. Richard Caputo
                                                                                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL DRAWBAUGH, | |
| Petitioner, | NO. 3:10-CV-1929 |
| v. | (JUDGE CAPUTO) |
| JEFFREY BEARD and MICHAEL W. CURLEY, SUPERINTENDENT, | (MAGISTRATE JUDGE SMYSER) |
| Respondents. | |

**ORDER**

**NOW**, this __6th__ day of January, 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Smyser's R&R (Doc. 68) is **ADOPTED**. Mr. Drawbaugh's petition for writ of habeas corpus (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to mark the case as **CLOSED**.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge