## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL DRAWBAUGH, | |
| Petitioner, | CIVIL ACTION NO. 3:10-1929 |
| v. | |
| JEFFREY BEARD and MICHAEL W. CURLEY, SUPERINTENDENT, | (JUDGE CAPUTO) |
| | (MAGISTRATE JUDGE SMYSER) |
| Respondents. | |

### MEMORANDUM ORDER

Presently before the Court is the above captioned matter which has been remanded by the Third Circuit solely for a determination as to the issuance of a certificate of appealability ("COA"). In my January 6, 2012 Order (Doc. 72), I adopted Magistrate Judge Smyser's Report and Recommendation ("R & R") dismissing Petitioner's habeas petition. However, in my Order, I failed to address the issue of the COA. Because reasonable jurists would agree that Petitioner's motion was untimely filed, a COA shall not issue.

Petitioner is proceeding in this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1.) On November 9, 2011, Magistrate Judge Smyser issued a R & R recommending Petitioner's Petition for Writ of Habeas Corpus be denied. (Doc. 68.) According to Magistrate Judge Smyser, Petitioner's petition was untimely filed and was not subject to equitable tolling. (Doc. 68.) In an Order dated January 6, 2012, I adopted Magistrate Judge Smyser's R & R. (Doc. 72.)

Petitioner filed a Notice of Appeal on January 20, 2012. (Doc. 32.) Subsequently, in an Order filed May 17, 2012, the Third Circuit directed the Court to issue a COA or state reasons why a COA should not issue. (Doc. 34.**)**

When a state prisoner seeks a writ of habeas corpus, he does not enjoy the "absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (discussing 28 U.S.C. § 2253). The prisoner must first obtain a COA in order for an appeal to appear before the court of appeals. *Id.*

As to the issuance of the COA, the Third Circuit Local Appellate Rule 22.2 provides the following:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report. If the district judge has not made a determination as to whether to issue a certificate of appealability by the time of the docketing of the appeal, the clerk will enter an order remanding the case to the district court for a prompt determination as to whether a certificate should issue.

Third Circuit LAR 22.2.

To be issued a COA, the petitioner must satisfy the requirements of § 2253 by making a "substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (quoting 28 U.S.C. § 2253(c)(2)). It is not necessary for a petitioner to establish "that he will prevail." *Miller-El*, 537 U.S. at 323. Instead, when courts reject "constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if the claim is rejected on procedural grounds, the petitioner must establish a substantial showing that a constitutional right has been denied as a prerequisite to "consideration of the procedural issues in an appeal under Section 2254." *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir.2001). Even where this has been demonstrated, the COA "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

As set forth in the Court's January 6, 2012 Memorandum (Doc. 72), Petitioner's claim was untimely filed and did not satisfy the limited circumstances in which equitable tolling is

applicable.  See *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir.2004) ("(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing").  In particular, the Third Circuit has specifically limited equitable tolling of AEDPA' s limitations period to the following circumstances: (1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. *Miller v. NJ State Dept. of Corr.*, 145 F.3d 616 (3d Cir.1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3–4 (D.Del. Nov.28, 2001).

As I previously noted, the circumstances that prevented Petitioner from timely filing his petition were not extraordinary, just unfortunate.  There is no evidence that prison officials actively thwarted Mr. Drawbaugh's attempts to file his petition, nor that he asserted his rights in the wrong forum.  While this case is somewhat analogous to missing or misdirected transcript and records cases, Mr. Drawbaugh argues he was deprived of something more fundamental, the 2254 form *itself*.  But he was not deprived of it.  Rather, he simply did not know that the library had a copy of West's Federal Civil Judicial Procedure and Rules, which contains the 2254 form.  If he had known it, he could have photocopied it or written it out by hand.  While prison personnel could have been more helpful in pointing him to this material or making it more readily available to him, this oversight is not extraordinary.  Here, as the law and the facts are clear regarding the extraordinary circumstances required in the Third Circuit to qualify for equitable tolling, and Petitioner fails to meet these requirements, a COA will not issue.

### ORDER

**NOW** this 18th day of May, 2012, **IT IS HEREBY ORDERED** that a certificate of appealability **SHALL NOT ISSUE**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge